LEONARD v. PIERCE et al.

(Supreme Court, Appellate Division, First 'Department.    May 6, 1904.)

1. TRUSTEES—ACCOUNTING—ACTIONS—PERSONAL OR REPRESENTATIVE CAPAC-
    ITY.
        Where a complaint in a suit to compel a testamentary trustee to ac-
    count did not attack the validity of the will under which the trustee
    was acting, but distinctly alleged that defendant received a certain sum
    as trustee under the will, the suit was maintainable only against the
    trustee in his representative capacity, and not as an individual.

2. SAME—PARTIES.
        Where property was devised to a trustee in trust to pay the income
    to a judgment debtor's mother for life, remainder after her death to such
    judgment debtor, and, if he died before his mother, then remainder to
    certain other devisees named, such devisees were necessary parties to
    an action by the judgment debtor's receiver to compel the trustee to file
    an interlocutory account showing the condition of the fund.
        Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Chatfield Leonard, as receiver of the property of Curtis
A. Barnum, a judgment debtor, against Carlton B. Pierce, impleaded
with others.    From a judgment overruling a demurrer to the com-
plaint, defendants appeal.    Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

Carlton B. Pierce, for appellants.
Clarence L. Barber, for respondent.

INGRAHAM, J.    The complaint alleges the recovery of several
judgments against the defendant Curtis A. Barnum in the years 1885
and 1887, the issue and return unsatisfied of executions upon said
judgments, the institution of proceedings supplementary to execution,
the appointment of a receiver of the judgment debtor, and the ap-
pointment of the plaintiff as such receiver; that by the last will and
testament of the father of the judgment debtor, which was admitted
to probate on June 4, 1883, certain real property situated in Otsego
county was devised to the judgment debtor in fee simple, subject to the
life estate of his mother, the defendant Laura Barnum, with a further
provision in the will that in case of the death of the said Curtis A.
Barnum, the judgment debtor, without leaving descendants, prior to
the death of his mother, the said property should pass to the other
devisees therein named; that, pursuant to authority contained in the
said will, the said property was sold in 1886, and the proceeds, amount-
ing to the sum of $4,000, were paid over to the defendant Carlton B.
Pierce, who was by the will constituted sole trustee, to invest the
same, and to pay the income thereof to the judgment debtor's mother
during her life; that the judgment debtor is insolvent, and has no
property within this state, except his interest in the said fund of $4,000,
and is a resident of the state of Pennsylvania; that the said sum of
$4,000 was paid over to the defendant Carlton B. Pierce, as trustee
appointed under the will, in or about the year 1886, upon the sale of
the said brick-house property made by said trustee pursuant to the

provisions of the said will, and he has never rendered any account as such trustee, and that, before the commencement of the action the plaintiff made a written demand on said trustee for an accounting, but he has refused and neglected to render such accounting; that, on information and belief, a portion of said fund has been lost through the fault and negligence and unauthorized investments of said trustee, and the remainder is in grave danger of waste and depreciation; that, in order to make an advantageous sale of said vested remainder, it is essential that the court and intending purchasers shall know the value and nature of the securities in which said fund is invested, as well as the amount thereof which has survived said 17 years of investment; that it is also essential that the said fund shall be safely invested, as the plaintiff is not to receive the same until the falling in of the life estate. Wherefore the plaintiff asks judgment that the trustee render an account of his proceedings, including a statement of the amount and manner of the investment of said fund; that he withdraw all foreign investments; that he replace and make good such sums as have been lost through foreign investments, or other violation of his duties as trustee; that he give security for the faithful performance of his duties as trustee; that his accounts be judicially settled; and that the said trustee be enjoined from making any further foreign or other illegal investments of said fund, or committing waste thereof. To this complaint the defendant Pierce demurred upon the ground that there is a defect of parties defendant, in that the persons described as the "other devisees therein named" are necessary defendants in the action, and also upon the ground that there is a defect of parties defendant, in that Carlton B. Pierce, as trustee, is a necessary defendant, and that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and, from an interlocutory judgment overruling it, the defendant Pierce appeals.

The defendant Pierce is here sued individually, and he is asked to account as trustee of an estate held by him under a will of the father of the judgment debtor, in which the other defendant has a life interest. It would seem to be apparent that, as an individual, the defendant cannot be compelled to account for property that he holds as trustee. The complaint does not attack the will under which the appellants are acting, but distinctly alleges that the defendant received this sum of money as trustee under the will. There is no allegation of the complaint that affects the ownership of this fund in controversy, or justifies an action in relation to it against the trustee personally. The fund belongs to the estate of the decedent, and is held by the trustee under the will. From the allegations of the complaint, it would appear that the title had vested in the trustee, and it seems to follow that he can only be called to account as trustee, and not as an individual. As to this demurring defendant individually, no cause of action is alleged, and, as he is only sued individually, his demurrer should have been sustained. A trustee can only be called upon to account in his representative capacity, and, in any action to compel him to account, all parties interested in the fund are necessary parties. An accounting which entails expense upon an estate should only be ordered where all parties interested in the estate are before the court. The

complaint alleges that, in the event of the judgment debtor's dying before his mother, this property is to go to other devisees named in the will, and, in any action for an accounting by the trustee, such devisees are necessary parties. The subject in controversy in this action is the fund of $4,000 held by the defendant Pierce as trustee. The object of the action is to compel him, as trustee, to account for that fund. The complaint alleges that there are others, not parties to the action, who would be entitled to that fund in the event of the death of the judgment debtor before the person entitled to a life interest therein; and for a complete determination of the question involved, namely, an accounting of this trust fund, it would seem that those parties to whom the fund would go in the event of the death of the judgment debtor prior to the death of the person for whose life the property is held must be parties to the action.

I can see no distinction in this respect between a final accounting and an interlocutory accounting. A trustee should not be called to account by each person claiming an interest without joining the others also interested, so that the court can finally adjudicate the rights of the several parties to the fund up to the time of the accounting. Nor is the fact that this is called an action auxiliary to the main action to assert the plaintiff's title to the fund of $4,000 an answer to this objection. Just what is meant by an "action auxiliary" to the main action is not apparent. The plaintiff either has a right to cause the trustee to account, or he has not. If he has, he is bound to make all those interested in the fund parties to the action, so that there can be a final adjudication as to the condition of the fund, and the trustee's accounts can be passed. The allegation of the complaint that, in the event of the death of the judgment debtor prior to the life tenant, the property is to be paid to other devisees named in the will, is an allegation that those other devisees are in existence, ready to take in the event of the happening of the contingency named in the will.

I think, therefore, that the demurrer should have been sustained on the ground that there is no cause of action alleged against the defendant Pierce individually, and that there is a defect of parties defendant; and the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend upon payment of costs in this court and in the court below. All concur, except PATTERSON, J., who dissents.